IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CR-155-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ROGER VAN SANTVOORD CAMP, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for a hearing on defendant's second motion (D.E. 31) to modify the order setting conditions of release (D.E. 13) to permit his travel on two separate occasions to Los Angeles, California and Hawaii. The government filed a response (D.E. 32) in opposition. The government's response included a request, which the court hereby construes as a motion, that the court impose additional release conditions based on recently obtained evidence. Defendant filed a reply (D.E. 32).

After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted at the hearing and for the reasons stated in open court, the court finds by a preponderance of the evidence that modification of the order setting conditions of release, pursuant to 18 U.S.C. § 3142(c)(3), is necessary to reasonably assure the appearance of defendant as required. Accordingly, IT IS ORDERED as follows:

1. Defendant's motion (D.E. 31) to modify the conditions of release is DENIED.

2. The government's motion to modify the conditions of release is GRANTED, and the court imposes the following additional conditions on defendant's release:

   a. <u>Electronic Monitoring</u>. Defendant shall submit to the location monitoring technology specified by the supervising probation officer and shall abide by all of the program requirements and instructions provided by the supervising probation officer

related to the proper operation of the technology. Defendant shall pay all costs of the program. In addition, defendant shall refrain from obstructing or tampering or attempting to obstruct or tamper in any fashion with the efficiency and accuracy of the electronic monitoring equipment.

      b. <u>Curfew</u>. Defendant is restricted to his residence every day from 7:30 p.m. to 8:00 a.m. except that, upon prior notice to and approval by the supervising probation officer, defendant may leave the residence for employment, religious services, medical needs or treatment, attorney visits, court appearances, or other activities duly noticed to and approved by the supervising probation officer.

      c. <u>Home Incarceration</u>. On any days on which the third-party custodian (*i.e.*, defendant's wife) is absent from the residence overnight, defendant shall be restricted to his residence at all times except that, upon prior notice to and approval by the supervising probation officer, defendant may leave the residence for employment, religious services, medical needs or treatment, attorney visits, court appearances, or other activities duly noticed to and approved by the supervising probation officer. The supervising probation officer shall determine the specific hours included in the period of home incarceration. The third-party custodian shall notify the supervising probation officer at least 24 hours prior to any overnight travel by her (*i.e.*, prior to any days on which she does not expect to be spending the night at the marital residence).

3.     Except as modified herein, all provisions of the order setting conditions of release remain in full force and effect.

SO ORDERED, this the 25th day of August 2011.

James E. Gates
United States Magistrate Judge