UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-155-BO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ROGER VAN SANTVOORD CAMP | ) | |

This matter is before the Court on Defendant's Motion to Suppress the seizure and subsequent search of Defendant's laptop computer [DE 52]. The Government has responded [DE 55] and the matter is ripe for ruling.

## BACKGROUND

Defendant is charged in a fifteen-count superceding indictment [DE 24] of four counts of bank fraud in violation of 18 U.S.C. § 1344, nine counts of false statements in connection with a loan application in violation of 18 U.S.C. § 1014, and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A.

On June 8, 2011, a special agent with the Federal Bureau of Investigations (Agent Spears) and a Raleigh Police Detective (Detective Boyce) executed an arrest warrant for Defendant at his place of business. During Defendant's arrest, Agent Spears saw Defendant's laptop computer on Defendant's desk and seized the laptop during the arrest of Defendant. Subsequently, on June 27, 2011, Agent Spears applied for and received a warrant to search Defendant's laptop computer.

## DISCUSSION

Defendant argues first that when Agent Spears and Detective Boyce entered Defendant's office on June 8, 2011, the officers did not possess a search warrant that would have encompassed the laptop computer, and because no exception to the warrant requirement existed,

the seizure of the laptop computer at the time of Defendant's arrest was in violation of the Fourth Amendment and the laptop and its contents should therefore be suppressed.

"[S]eizures of property are subject to Fourth Amendment scrutiny even though no search within the meaning of the Amendment has taken place." *Sodal v. Cook Cnty., Illinois.*, 506 U.S. 56, 68 (1992). Law enforcement officers may seize evidence in plain view if "(1) the seizing officer is lawfully present at the place from which the evidence can be plainly viewed; (2) the seizing officer has a lawful right of access to the object itself; and (3) the object's incriminating character is immediately apparent." *United States v. Williams*, 592 F.3d 511, 521 (4th Cir. 2010) (internal quotations and citation omitted). After announcing the requirements of the plain view doctrine, the Supreme Court subsequently tailored the "immediately apparent" requirement: an officer need not "know" that an item is contraband or evidence of a crime, but rather must have probable cause to believe that the object is associated with the criminal activity. *Texas v. Brown*, 460 U.S. 730, 741-42 (1983).

Here, Agent Spears and Detective Boyce were lawfully in Defendant's office pursuant to an arrest warrant. Defendant's laptop was on Defendant's desk in his office, in plain view of law enforcement. It was the only computer visible to law enforcement in Defendant's office. Agent Spears, an investigating agent on Defendant's case, knew that Defendant had used a computer as an instrumentality of the fraud that Defendant was being charged with and had been made aware by a reliable witness that Defendant utilized a laptop computer for business activities. Because Agent Spears had probable cause to believe that Defendant's laptop was associated with Defendant's criminal activity, the seizure of the laptop computer in Defendant's office was

2

pursuant to a valid exception to the warrant requirement.[1]

Neither Agent Spears nor Detective Boyce searched the laptop computer once it had been seized. Rather, Agent Spears filed an application for a search warrant to search the contents of the laptop computer on June 27, 2011, and only upon receipt of a validly executed search warrant did he conduct a search of the contents of the laptop computer. Defendant also contests the search of the laptop computer, arguing that the agent's affidavit failed to establish probable cause in the application for a search warrant.

"A warrant is constitutionally sound when issued by a neutral magistrate and supported by probable cause." *United States v. Montieth*, 662 F.3d 660, 664 (4th Cir. 2011). The probable cause determination made by the magistrate "is a practical, common-sense decision whether, given all the circumstances set for in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). In reviewing the probable cause determination of the magistrate, a court need only consider whether "the magistrate had a substantial basis . . . for concluding that probable cause existed." *Id.* at 239 (internal quotations and citation omitted).

In support of his application for a warrant to search Defendant's laptop computer, Agent Spears provided the magistrate with a sworn affidavit detailing the bases of his probable cause to

---

[1] Defendant's argument as to the validity of Agent Spears' seizure of the laptop computer focuses solely on whether the seizure was a valid search incident to an arrest, assumedly because, in his affidavit in support of his application for a search warrant, Agent Spears refers to his seizure of the laptop as "incident to the arrest of [Defendant] on June 8, 2011." Because the Court has found that a valid exception to the warrant requirement existed when Agent Spears seized the laptop, it is inapposite whether the Agent correctly identified his justification for seizing the laptop while arresting Defendant in his application for a search warrant.

3

believe that the laptop would contain evidence of Defendant's crimes. Agent Spears detailed his history and experience as an FBI agent, the basis of his belief that evidence of Defendant's alleged crime would be contained on the laptop computer, and Defendant's specific activities that would have caused evidence of Defendant's alleged crimes to be contained on the laptop computer. Having considered the application for a search warrant in full, the Court finds that the magistrate had a substantial basis for concluding that probable cause existed.

Insofar as Defendant has contended that the nineteen day delay between the seizure of Defendant's laptop computer and Agent Spears' application for a search warrant was unreasonable, the Court finds this argument to be without merit. "[E]ven a seizure based on probable cause is unconstitutional if police act with unreasonable delay in securing a warrant." *United States v. Martin*, 157 F.3d 46, 54 (2nd Cir. 1998). In determining whether a delay is reasonable, a court must consider all of the facts and circumstances surrounding the delay in each particular case. *United States v. Mitchell*, 565 F.3d 1347, 1351 (11th Cir. 2009) (citation omitted).

The Government has asserted that, during the delay, Agent Spears prepared a draft application for review by the Office of the Unites States Attorney while simultaneously working on other investigations and arrests. Ultimately, Agent Spears submitted a seventeen page affidavit in support of his application that contained detailed descriptions and statements. Defendant has not pointed to any basis, other than the mere lapse of time, that would support a finding that the delay was unreasonable. Although Defendant's possessory interest in his laptop computer was substantial, the Court finds that there was a compelling justification for the delay in applying for a search warrant such that evidence seized from Defendant's laptop computer

4

should not be suppressed. *See Id.* (discussing the court's role in weighing the possessory interest in the item seized against the justification for delay offered by the government).

CONCLUSION

Accordingly, for the reasons discussed above, Defendant's Motion to Suppress is DENIED. Defendant's arraignment and trial in this matter is hereby set for the February 21, 2012, term of court to be held in Elizabeth City, North Carolina. The Court finds that the ends of justice served by this continuance outweigh the interests of the defendant and the public in a speedy trial. Therefore any delay caused by this continuance shall be excluded pursuant to 18 U.S.C. 3161(h).

SO ORDERED, this 18 day of January, 2012.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE