IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:11-CR-155-BO-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ) | |
| ROGER VAN SANTVOORD CAMP ) | |

This matter comes before the Court on Mr. Camp's Motion to Exceed Response Time and/or Reply Time Requirements. [DE 172]. The Court notes, however, that the motion is signed by a Susan E. Laidlaw as Mr. Camp's Attorney-in-Fact. Ms. Laidlaw also signed Mr. Camp's motion pursuant to 28 U.S.C. § 2255, noting that she was signing "as Attorney-in-Fact for Roger VS Camp" because he was "incarcerated at Butner Camp, which [made] it difficult to deliver this Motion for him to sign." [DE 152]. Ms. Laidlaw attached a Power of Attorney document. *Id.* Ms. Laidlaw also signed other motions related to the motion under § 2255. [DE 154–56].

The Court now addresses the fact that Mr. Camp's § 2255 motion and motion for extension of time were filed and signed by Ms. Laidlaw as Attorney-in-Fact. Mr. Camp's "power of attorney may have conferred certain decision-making rights under state law, but it does not allow [Ms. Laidlaw] to litigate *pro se* on behalf of [him] in federal court." *In re Radogna*, 331 Fed. Appx. 962, 964 (3d Cir. 2009) (unpublished); *see also Haddock v. Tribute Properties*, 4:09-CV-80-FL, 2010 WL 1525691, at *2 (E.D.N.C. Apr. 15, 2010) *aff'd*, 390 Fed. Appx. 239 (4th Cir. 2010) (unpublished) (holding same and listing cases). Accordingly, Mr. Camp alone may appear for himself *pro se* in this action, or he may be represented by duly admitted counsel. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the

privilege to represent oneself *pro se* . . . is personal to the litigant and does not extend to other parties or entities.").

For this reason, Mr. Camp has fifteen (15) days to submit any filings originally signed by Ms. Laidlaw with his own signature. Alternatively, if Ms. Laidlaw is an attorney capable of representing Mr. Camp, she has fifteen (15) days to enter a notice of appearance in the matter. *See* Local Civil Rule 5.2—U.S. District Court for the Eastern District of North Carolina ("Counsel shall file a Notice of Appearance with the clerk and serve opposing counsel. The Notice of Appearance should contain the attorney's name, the name of the attorney's law firm, street address, phone number, email address, and state bar number...").

Should Mr. Camp submit the motions with his signature, the Court will consider the government's motion to dismiss as against the new, signed copy of the motions, so there is no need for the government to refile. [DE 166]. If Mr. Camp does not submit new, personally signed copies (or Ms. Laidlaw does not enter a notice of appearance) within fifteen (15) days of the date this order is entered on the docket, the motion pursuant to § 2255 and the related motions will be DISMISSED.

SO ORDERED, this __18__ day of March, 2016.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2