IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-155-BO
No. 5:15-CV-524-BO

| | | |
|---|---|---|
| ROGER VAN SANTVOORD CAMP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This cause comes before the Court on a motion for detailed assessment of his motion under 28 U.S.C. § 2255 featuring nine grounds and substantive claims of Constitutional violations. In the alternative, petitioner seeks an evidentiary hearing complete with rights of discovery and inspection of requested documents, videos, reports, statements, records, and other papers. [DE 229].

By order entered December 1, 2016, the Court dismissed petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on the merits. [DE 206]. In that motion, petitioner raised nine grounds for relief and claims of substantive Constitutional violations. Petitioner appealed the dismissal of his § 2255 motion, and the court of appeals denied petitioner's motions for a certificate of appealability and dismissed his appeal. [DE 221].

In the instant motion, petitioner seeks review of the claims raised in his dismissed § 2255 motion. Petitioner argues that this motion is subsequent and attendant to his earlier motion, and that neither the government's motion to dismiss nor this Court's order properly assessed his claims, including his claim of actual innocence of all charges. Although styled as a motion for detailed

assessment, petitioner's motion seeks that relief which would be granted by a successful motion under § 2255. *See United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) ("longstanding practice of courts to classify *pro se* pleadings from prisoners according to their contents, without regard to their captions."). Thus, the Court is constrained to re-characterize the motion as a section 2255 petition. *Id.* at 207 ("[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence.").

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a second or successive petition must be certified by a panel of the appropriate court of appeals to contain either " newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. *Winestock*, 340 F.3d at 205.

As the instant motion attacks the same conviction and sentence as was earlier challenged, it is properly construed as a second or successive § 2255 petition, and the Court is without jurisdiction to consider it in the absence of pre-filing authorization. *See, e.g., United States v. Downing*, 372 F. App'x 435, 436 (4th Cir. 2010) (unpublished). Petitioner is not required to receive notice of the Court's re-characterization of the motion where, as here, it has been found to be second or successive. *See United States v. Emmanuel*, 288 F.3d 644, 650 (4th Cir. 2002); *United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (unpublished).

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A

certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is denied

## CONCLUSION

For the reasons discussed above, petitioner's motion, herein re-characterized as a motion to vacate pursuant to 28 U.S.C. § 2255, [DE 229] is DISMISSED for want of jurisdiction. A certificate of appealability is DENIED.

SO ORDERED, this __20__ day of April, 2018.

                                              TERRENCE W. BOYLE
                                              UNITED STATES DISTRICT JUDGE