IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-155-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ROGER VAN SANTVOORD CAMP | ) | |

This cause comes before the Court on defendant's *pro se* motion for reduction of sentence pursuant to findings under 18 U.S.C. § 3582(c) and in light of the 2011 Amendment to the United States Sentence Guidelines for economic crimes in 2B1.1. [DE 231 & 232].[1] The government has responded, and the matter is ripe for review.

## BACKGROUND

Defendant is currently serving an aggregate sentence of 102 months' imprisonment following his plea of guilty to bank fraud and aggravated identity theft charges. *See* [DE 122]. Defendant filed this motion seeking a reduction in his sentence under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 791 to the United States Sentencing Guidelines.

## DISCUSSION

A court "may not modify a term of imprisonment once it has been imposed except" under limited circumstances. 18 U.S.C. § 3582(c). One of those circumstances is where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . .." 18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a). In those instances where an amendment to the Guidelines lowers the Guidelines range for a particular offense, the Sentencing Commission must

---

[1] Docket entries 231 and 232 appear to contain the same motion filed on different dates.

"indicate whether and in what circumstances such amendment will have retroactive effect . . .." *United States v. Williams*, 808 F.3d 253, 257 (4th Cir. 2015). Only those amendments which have been given retroactive effect will provide a basis for a court to grant a sentence reduction under § 3582(c)(2). *Id.*

>Section 1B1.10 of the Sentencing Guidelines provides that
>
>[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).

U.S.S.G. § 1B1.10(a)(1). The covered amendments listed in § 1B1.10(d) – those amendments made retroactively applicable to defendants who have already been sentenced – does not include Amendment 791. U.S.S.G. § 1B1.10(d). Accordingly, the Court is without authority to reduce defendant's sentence based on Amendment 791 and his motion must be denied.

## CONCLUSION

For the foregoing reasons, defendant's motion for reduction in sentence under 18 U.S.C. § 3582(c)(2) [DE 231 & 232] is DENIED.


SO ORDERED, this ___4___ day of October, 2018.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2.